Dewey, J.
This is a -bill in chancery, having for its object the enforcement of a pre-emption right to a certain quarter section of land, claimed by the complainant under the laws of the United States, and the canceling of a patent procured by the defendant, as is alleged, in fraud of that right. The bill states the facts which the complainant conceived entitled him to enter the land as a pre-emptor; sets out the application *380 made by him to the register and receiver of the proper land office for the allowance of his claim; allleges that they “ erroneously” decided against him, and certified their decision to the general land office, the commissioner of which “erroneously” issued a patent to the defendant for a part of the quai’-ter section in dispute. The bill also sets out the *particulars of the fraud charged upon the defendant in making his entry at the land-office. There was a demurrer to the bill for want of equity, which was allowed; and the bill was dismissed.
11. Cooper, for thé appellant.
T. Johnson, for the appellee.
"We think this decision' was right. The act of Congress under which the complainant claimed the right of pre-emption, provided that before any entries of land should be made under the privileges of that act, the claimant should make proof of settlement or improvement upon the land he sought to etiter, to the satisfaction of the register and receiver in the district in which the land might lie, agreeably to the rules prescribed by the commissioner of the general land-office for that purpose. Land Laws of U. S., part 2, pp. 593, 4. We do not conceive it to be the province of a State Court to reverse the decisions of those officers, at least for mere error of opinion. It seems to have been the intention of Congress, that a person claiming the privilege of pre-emption under the laws of the United States should establish his claims, agreeably to certain rules, to the satisfaction of the Federal officers connected with the general system for the administration of the public lands. As the complainant shows that he has failed to do this, he has no case for the cognizance of a Court of equity. Having failed to establish his own right, he can not call in question the title of another.
Per Curiam.—The decree is affirmed with costs.